[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT (186)
CT Page 5130
The parties' marriage was dissolved on April 19, 1996 at which time their agreement (119) was approved and incorporated in the judgment. One of its terms provided for the defendant to assume all tax liabilities incurred jointly through 1992. They agreed to file a joint return for 1993 but the plaintiff's tax liability". . . . shall be erased for the years 1993, 1994 and 1995." Their agreement further stated that:
 "The husband shall be responsible for cooperating with the wife and working with the Internal Revenue Service to attempt to get the wife's name off of the Internal Revenue Service debts."
The plaintiff's present motion seeking to hold the defendant in contempt, refers to a post judgment agreement filed and so ordered on August 7, 1998. That agreement included a provision concerning the feasibility of an offer of compromise to be made by the defendant to the I.R.S. He also assumed sole responsibility for taxes due the State of California.
The plaintiff employed Leslie Grodd of Westport, a tax attorney and C.P.A., in an effort to obtain "innocent spouse" status. The I.R.S. denied the petition. There was a protest "Statement of Disagreement" (i.e., appeal) filed. The plaintiff has incurred $12,000 in bills with Attorney Grodd to date.
The parties have communicated via e-mail. The plaintiff does not now communicate with the defendant, funneling all information through her lawyers.
Contempt may be found in the wilful failure to obey a crystal clear order of the court while having the ability to comply.
This court finds the provisions of the agreement concerning disposition of the tax liabilities to be less than clear. The offer of compromise agreed to in 1998 remains open for this court cannot order a party to proceed with a discretionary act, i.e. an attempt, at compromise particularly where it may adversely affect both parties. Finally, pending final disposition of all I.R.S. obligations the arrears claimed is not liquidated.
The plaintiff's motion is denied.
So Ordered. CT Page 5131
HARRIGAN, J.T.R.